## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

In re:

| | | |
|---|---|---|
| Edward D. Garcia <br> Mary Garcia <br>     Debtors, | ) ) ) ) ) ) ) | No. 15-12992 <br><br> Courtroom 682 <br> Hon. Jack B. Schmetterer <br> Chapter 13 |
| Edward D. Garcia <br> Mary Garcia <br>     Plaintiff, <br> v. <br> Specialized Loan Servicing, LLC <br>     Defendant. | ) ) ) ) ) ) ) ) ) | Adversary Proceeding # 15-00542 |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Pursuant to a Default Order and because the allegations in the Complaint have been taken as confessed against Specialized Loan Servicing, LLC, the following findings of fact and conclusions of law are made and will be entered:

1. Plaintiffs are the owners of their primary residence commonly known 2505 Sarah St., Franklin Park IL 60131 with Pin Number 12-28-305-020-0000;
2. Specialized Loan Servicing is a lender and/or servicer of mortgages;
3. That Plaintiffs filed a voluntary petition for relief under Chapter 13 of 11 U.S.C. on April 13, 2015;
4. This adversary proceeding arises under Sections 502 and 506 of the U.S. Bankruptcy Code;
5. The Court has jurisdiction pursuant to 28 U.S.C. §1334 and this is a core proceeding under 28 U.S.C. §157(b)(2);
6. That pursuant to a CMA conducted on April 12, 2015, the fair market value of the property commonly known as 2505 Sarah St., Franklin Park, IL 60131 is $152,125.00;
7. That Plaintiffs' property is subject to a first mortgage lien of Bank of America with an estimated balance of $207,242.60 as of July 16, 2015;
8. Under 11 U.S.C. §§506(a) and 506(d), Defendant's junior mortgage would be allowed a secured claim to the extent of the value of the estate's interest in the property securing the claim, and Defendant's lien is void to the extent it is not allowed a secured claim;
9. The amount owed on the first mortgage, $207,242.60, exceeds the value of the above real estate, $152,125.00;
10. The balance of the mortgage exceeds the value of the real estate that is the subject property.

Consequently, the junior mortgage of Specialized Loan Servicing is wholly unsecured and the lien against the real estate should be stripped off the real estate. See <u>Holloway v. U.S.</u>, 2001 WL 1249053 (N.D. Ill. Oct. 15, 2001); <u>In re Waters</u>, 276 B.R. 879 (N.D. Ill 2002); <u>In re Pond</u>, 252 F.3d 122 (2nd Cir. 2001); <u>In re McDonald</u>, 205 F.3d 606 (3rd Cir. 2000); <u>In Re Bartee</u>, 212 F.3d 277 (5th Cir. 2000); <u>In Re Lane</u>, 280 F.3d 663 (6th Cir. 2002); <u>In re Zimmer</u>, 313 F.3d 1220 (9th Cir. 2002); <u>In re Tannter</u>, 217 F.3d 1357 (11th Cir. 2000).

Dated: OCT 15 2015

Signed:

Honorable Jack B. Schmetterer

Prepared by:
Carlos A. Quichiz
Attorney for Plaintiff
JRQ & Associates, LLC
73 W. Monroe St., Ste. 416
Chicago IL 60603